UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-61409-WILLIAMS/VALLE

SARA MEIR,

     Plaintiff,

v.

HUDSON SPECIALTY
INSURANCE COMPANY,

     Defendant.

_____

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (ECF No. 3) (the "Motion"). United States District Judge Kathleen M. Williams has referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 10). Accordingly, having reviewed the Complaint (ECF No. 1-4), the Motion, Plaintiff's Response (ECF No. 9), and Defendant's Reply (ECF No. 14), and being otherwise duly advised in the matter, the undersigned respectfully recommends that the Motion be **GRANTED** for the reasons set forth below.

## I.    BACKGROUND

For purposes of ruling on the Motion, the undersigned accepts the following facts alleged in the Complaint and contained in the exhibits as true. Defendant Hudson Specialty Insurance Company issued a commercial insurance policy (the "Policy") for Plaintiff's property in Sunrise, Florida (the "Property"). (ECF No. 1-4 ⁋ 4). The Policy covered physical loss to the Property and certain non-physical loss, including "business income" coverage (for loss in rental value incurred during repairs) and "extra expense" coverage (for expenses incurred during certain repairs). *Id.* ⁋ 6. On September 7, 2020, the Property sustained water damage due to a plumbing failure, and Plaintiff submitted a

claim to Defendant.  *Id.* ⁋ 7.  Defendant accepted the cause of loss, but rejected Plaintiff's estimated

damages of $52,206.95 ("Coverage Determination").  *Id.* ⁋ 9; *see also* (ECF No. 1-4 at 121).  Instead,

Defendant issued a loss payment of $21,393.05.  (ECF No. 1-4 at 121).

 As a result, on June 4, 2021, Plaintiff Sara Meir filed a Complaint for declaratory relief (Count

I) and breach of contract (Count II) against Defendant in state court, which Defendant subsequently

removed to federal court based on diversity jurisdiction.  *See* (ECF Nos. 1, 1-4).  The Complaint

alleges that Defendant breached the Policy by making "only a small partial payment in regard to the

subject loss" (Count II), and seeks a declaration regarding Plaintiff's "right to coverage, and the extent

of that right, under the Policy generally and under the Policy language [discussed in Paragraph 6 of

the Complaint, regarding business income and extra expense coverage]" (Count I).  (ECF No. 1-4

⁋ 15).

## II.    THE MOTION

 Defendant raises several grounds why Plaintiff's claim for a declaratory judgment should be

dismissed.  First, Defendant argues that the declaratory relief in Count I is duplicative of and "entirely

subsumed, in relief and analysis," by the breach of contract claim in Count II.  (ECF No. 3 at 10).

According to Defendant, Plaintiff can "secure full, adequate, and complete relief" through the breach

of contract claim because "the true relief being sought [in Count I] is monetary damages."  *Id.* at 9,

10.  Next, Defendant argues that Plaintiff's declaratory action claim is "completely speculative" in

that Plaintiff has only provided an estimate for purported damages to the dwelling, but has never made

a claim for either business income or extra expense coverage.[1]  (ECF No. 14 at 3, 6-7).

---

[1] Defendant also argues that declaratory judgment actions cannot be used to determine factual issues
when the policy is unambiguous.  (ECF No. 3 at 10).  However, the Court need not address this
argument because the undersigned recommends that the Motion be granted on other grounds, as
discussed below.

In response, Plaintiff argues that Counts I and II are not duplicative because each count seeks different relief, *i.e.*, Count I seeks a declaration regarding Plaintiff's entitlement to business income and extra expense coverage while Count II seeks monetary damages for the damage to the Property caused by water intrusion.  (ECF No. 9 at 7, 9).  Plaintiff also argues that declaratory judgment actions are appropriate "concerning contracts before there has been a breach of the contract."  *Id.* at 9-10.

## III.   LEGAL STANDARD

To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court's review of the sufficiency of the complaint is limited to the allegations presented in the complaint and exhibits attached thereto.  *See GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).  Moreover, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor.  *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citations omitted); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citations omitted).  Nevertheless, while a plaintiff need not provide "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action."  *Twombly,* 550 U.S. at 555 (citations and quotations omitted).  Conclusory allegations, unwarranted factual deductions, and legal conclusions masquerading as facts may result in dismissal.  *U.S. ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 792-93 (11th Cir. 2014) (citation and quotations omitted).

Also relevant to the instant Motion is the Declaratory Judgment Act, 28 U.S.C. § 2201 and Florida's Declaratory Judgment Act, Fla. Stat. §§ 86.011-.111 (2021).  "[A]s a federal court sitting in diversity jurisdiction, we apply the substantive law of the forum state, in this case Florida, alongside

federal procedural law." *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir.

2017) (citations omitted). The Eleventh Circuit has held that operation of the Declaratory Judgment

Act is procedural, not substantive. *GTE Directories Publ'g Corp. v. Trimen Am., Inc.*, 67 F.3d 1563,

1567 (11th Cir. 1995). Thus, federal courts sitting in diversity, as here, apply the federal Declaratory

Judgment Act.[2] *DWF Mgmt. v. Starr Indem. & Liab. Co.,* No. 16-CV-61238, 2016 WL 6611115, at

*2 (S.D. Fla. Nov. 9, 2016); *see also Addison Ins. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 263

F. Supp. 3d 1278, 1279 (S.D. Fla. 2015) (Williams, J.) (applying the federal Declaratory Judgment

Act in diversity case). Lastly, the decision whether to grant a declaratory judgment lies within the

Court's discretion. *DWF Mgmt.*, 2016 WL 6611115, at *2 (noting that district courts have ample

discretion in deciding whether to entertain a claim for declaratory judgment); *Girard v. Am. Sec. Ins.

Co.*, No. 16-CV-61335, 2016 WL 4264054, at *2 (S.D. Fla. Aug. 12, 2016) (noting that a "declaration

by the Court is discretionary") (citation omitted).

## IV.    DISCUSSION

### A. Count I is Internally Inconsistent

Count I is internally inconsistent regarding Plaintiff's request for relief. It is unclear whether

Plaintiff is seeking a declaration "under the Policy generally" or "specifically as to the language in

paragraph 6 [of the Complaint dealing with business income and extra expense coverage]." For

example, the Complaint generally alleges that:

> The Policy covers physical loss to the Property but also provides coverage for
> certain non-physical loss . . . , [such as business income and extra expense
> coverage] . . . . Unlike the Policy's coverages for physical loss, Defendant takes
> the position that the additional coverages for nonphysical loss are forward

---

[2] As a practical matter, the elements required under the federal and state declaratory judgment acts
are not materially different. *Compare Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342,
1346 (11th Cir. 1999), *with Floyd v. Guardian Life Ins. Co. of Am.*, 415 So.2d 103, 104 (Fla. Dist.
Ct. App. 1982).

> looking remedies which are triggered only after the policy holder incurs costs related to the coverage.  (ECF No. 1-4 ⁋ 6).

> The scope of required repairs *will require Plaintiff to incur* loss of business income and extra expenses during the repairs.  *Id.* ⁋ 8.

> . . . *Defendant's Coverage Determination fails to address Plaintiff's right to coverage for Business Income and Extra Expenses coverage*.  To the extent the Coverage Determination denied coverage for any portion of the loss, the Coverage Determination cites Policy language which Defendant contends justifies the denial of coverage.  *Id*. ⁋ 9.

(emphasis added).

Thereafter, Count I alleges that:

> Although the Plaintiff believes that covered losses have been sustained, Defendant's Coverage Determination causes Plaintiff to doubt or be uncertain as to the existence or non-existence of *Plaintiff's right to coverage, and the extent of that right, under the Policy generally and under the Policy language discussed in paragraph 6* [of the Complaint] *specifically*.  As such, the Plaintiff has an actual, practical and present need for a declaration . . . regarding the *existence and extent of Plaintiff's rights to coverage under the Policy for the Claim*.  *Id*. ⁋ 15.

> There exists an actual bona-fide controversy between the parties, based upon the Defendant's Coverage Determination, which requires *judicial interpretations of the Policy and specifically the Policy language discussed in paragraph 6* [of the Complaint].  *Id*. ⁋ 17.

> The purpose of this declaratory judgment action is to obtain a judicial interpretation of the Policy, as it relates to the facts involved herein, that determines the *Plaintiff's right to coverage under the Policy for the Claim*.  Without such declaratory decree, Plaintiff is unable to obtain complete insurance benefits under the Policy.  *Id*. ⁋ 18.

(emphasis added).  In the "Wherefore" clause, Plaintiff seeks a declaration regarding: (i) Plaintiff's

"right to coverage for the Claim under the terms of the Policy, specifically the Policy language

discussed in paragraph 6 [of the Complaint as to business income and extra coverage]; (ii) whether

the Policy's business income and extra expense language is ambiguous; and (iii) Plaintiff's

entitlement to business income, extra expense, and additional coverages.  *Id.* at 5.  Lastly, Plaintiff

asks the Court to "issue declaratory relief establishing the existence and extent of Plaintiff's right to cover under the Policy for the subject losses . . . ." *Id.* at 6.

Because Plaintiff seeks a declaration "under the policy generally" and/or "specifically as to the language in paragraph 6 [of the Complaint dealing with business income and extra expense coverage]," Count I is unclear and inconsistent. Under either interpretation, however, the undersigned recommends that the declaratory action claim in Count I be dismissed for the reasons set forth below.

### B.  Business Income and Extra Expense Coverage is Not Ripe for Review

Under the Declaratory Judgment Act, a declaratory judgment may be issued only in "a case of actual controversy." 28 U.S.C. § 2201(a). Thus, an essential element of a declaratory judgment action is that there be an actual case or controversy between the parties. *Id.*; *Aetna Life Ins. v. Haworth*, 300 U.S. 227, 239-41 (1937). To establish a justiciable "case or controversy," a plaintiff must show that she has suffered an injury in fact – one that is "actual or imminent, not conjectural or hypothetical." *Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000) (citations omitted). Accordingly, a claim for declaratory judgment must be supported by factual allegations "from which a substantial continuing controversy may reasonably be inferred." *Addison Ins.,* 263 F. Supp. 3d at 1279-80 (citing to *Malowney*, 193 F.3d at 1347). The factual allegations must establish "a substantial continuing controversy" that is "real and immediate," rather than a "speculative threat of future injury." *DWF Mgmt.*, 2016 WL 6611115, at *2 (citations omitted).

Here, to the extent that Count I seeks a declaration regarding business income and extra expense coverage, Plaintiff has not plead sufficient facts that an actual, imminent controversy exists, as opposed to one that is conjectural or hypothetical. *Addison Ins.,* 263 F. Supp. 3d at 1280 (granting motion to dismiss declaratory judgment claim where, among other failures, complaint failed to allege that party had sought coverage under the policy or that coverage had been denied). Notably,

Defendant asserts, and Plaintiff does not dispute, that Plaintiff has not filed a claim for business income and extra expense coverage. *See* (ECF No. 14 at 2) ("Plaintiff did not even make a claim under the Policy for Business Income coverage or Extra Expense coverage. If no claim is made, there is nothing for [Defendant] to address."). The undersigned agrees. Simply put, Plaintiff has not alleged sufficient facts from which the Court can conclude or even infer that there is a real and immediate dispute regarding business income and extra expense coverage. "[T]he possibility of legal injury on the basis of a hypothetical state of facts [that] have not arisen and are only contingent, uncertain, and rest in the future," is not a basis for issuance of a declaratory judgment. *Girard,* 2016 WL 4264054, at *2.

Under these circumstances, Plaintiff has failed to set forth sufficient facts showing that declaratory relief is warranted. *See Addison Ins.*, 263 F. Supp. 3d at 1279-80 (dismissing a declaratory judgment claim for failure to show an actual or immediate controversy). Accordingly, the undersigned recommends that the Court exercise its discretion and dismiss the declaratory judgment claim in Count I. *DWF Mgmt.*, 2016 WL 6611115, at *2 (noting that district courts have ample discretion in deciding whether to entertain a claim for declaratory judgment).

### C.  Issues Regarding Policy Coverage Can Be Resolved in Count II

Alternatively, to the extent that Count I seeks a declaration regarding the extent of coverage under the Policy generally, Plaintiff's claim for declaratory judgment is duplicative and "entirely subsumed" within the breach of contract claim in Count II. Neither courts nor defendants are obligated to adjudicate or defend duplicative declaratory judgment claims. *AquaDry Plus Corp. v. Rockhill Ins.*, No. 19-CV-62331, 2020 WL 927440, at *2 (S.D. Fla. Feb. 26, 2020).

Here, Defendant has not denied coverage, but declined Plaintiff's estimate of the loss and paid a lesser amount. Plaintiff is dissatisfied with that amount. An alleged breach of contract based on

the failure to pay is the same whether it is for physical or non-physical supplemental loss. At heart, the breach of contract claim involves the same factual dispute as the declaratory judgment claim, *i.e.,* the scope and extent of coverage under the Policy.[3] *See Fernando Grinberg Tr. Success Int'l Props. LLC v. Scottsdale Ins.*, No. 10-CV-20448, 2010 WL 2510662, at *2 (S.D. Fla. June 21, 2010) (dismissing a declaratory relief claim seeking a declaration as subsumed by the breach of contract claim); *see also Young v. Lexington Ins.*, No. 18-CV-62468, 2018 WL 7572240, at *4 (S.D. Fla. Dec. 16, 2018) (dismissing declaratory judgment claim as duplicative of breach of contract claim); *but cf. Crespi v. Lexington Ins.*, No. 18-CV-23258, 2018 WL 7577759, at *2 (S.D. Fla. Sept. 20, 2018) (Williams, J.) (permitting declaratory action and breach of contract claims to proceed when no additional burden to defendant in defending both claims and where issue could be addressed at summary judgment). From the face of the Complaint, it appears that "the real dispute is a factual one concerning the existence of a loss and its valuation." *Girard*, 2016 WL 4264054, at *2 (citation omitted).

Accordingly, because Plaintiff can secure full, adequate, and complete relief through the breach of contract claim, the undersigned recommends that the Court exercise its discretion and dismiss the declaratory judgment claim in Count I.

---

[3] Plaintiff relies on *Ocean's 11 Bar & Grill, Inc. v. Indem. Ins.* to argue that a declaratory judgment claim need not be automatically dismissed as duplicative of a breach of contract claim. *See* (ECF No. 9 at 5-6); *Oceans 11,* No. 11-CV-61577, 2011 WL 3843931, at *3 (S.D. Fla. Aug. 26, 2011). But Plaintiff misses the key distinction between *Ocean's 11* and the instant case: unlike in the instant case, the declaratory judgment claim in *Ocean's 11* sought an injunction or specific performance *in addition to a declaration of rights*. *Ocean's 11*, 2011 WL 3843931, at * 4. On this basis, the court distinguished *Ocean's 11* from the "'normal' declaratory-relief claims, where only a declaration is sought" and allowed the declaratory action to proceed. *Id*. The instant case, however, presents the "normal" declaratory action claim, seeking only a declaration, and is therefore duplicative of the breach of contract claim.

## V.      RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Defendant's Motion to Dismiss Count I of Plaintiff's Complaint (ECF No. 3) be **GRANTED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on February 7, 2022.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Katheen M. Williams
    All Counsel of Record