UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 21-61409-CV-WILLIAMS

SARA MEIR,

    Plaintiff,

vs.

HUDSON SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on the Report and Recommendation issued by Magistrate Judge Alicia Valle on Defendant's Motion to Dismiss (DE 4). In the Report, Magistrate Judge Valle recommended the Court dismiss Count I of Plaintiff's Complaint. (DE 28.) Plaintiff filed objections to the Report. (DE 32.) For the reasons set forth below, the Motion to Dismiss is GRANTED.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Portions of the report and recommendation to which no specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In the Report, Magistrate Judge Valle recommended granting the Motion to Dismiss on three grounds: 1) that Count I is unclear and inconsistent; 2) that Plaintiff has not sufficiently alleged that there is a real and immediate dispute regarding business income and extra expense coverage; and 3) that Plaintiff's claim for declaratory judgment is duplicative and "entirely subsumed" within the breach of contract claim in Count II. Plaintiff specifically objects to the third basis set forth in the Report. (*See* DE 32 at 4 ("Because Plaintiff's declaratory relief action seeks separate, distinct relief from its breach of contract action, this Court should sustain Plaintiff's objection, overrule the Magistrate's Report and Recommendation, and deny Defendant's Motion.").)

Having conducted a *de novo* review of the portion of the report and recommendation to which Plaintiff objects and a review of the remainder for clear error, Plaintiff's objections are overruled. While the Court agrees that the Court has allowed claims for declaratory judgment to proceed in insurance coverage disputes even when the insured simultaneously pleads a breach of contract action, the Declaratory Judgement Act "is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.' It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (per curiam) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)). In light of the other pleading deficiencies set forth in the Report, to which Plaintiff neither addresses nor objects, the Court—finding no clear error in those portions—adopts the recommendation and exercises its discretion to dismiss the declaratory judgment count as alleged.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's objections to the Report are **OVERRULED**.

2. The Report (DE 28) is **AFFIRMED AND ADOPTED**;

3. Defendant's Motion to Dismiss (DE 4) is **GRANTED**;

4. Plaintiff may file an amended complaint within **TEN (10) DAYS** of the date of this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>15th</u> day of March, 2022.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE